It wasn't easy. It wasn't easy. Me too. The next argued case is number 181136, SportsStar Athletics, Inc. v. Wilson Sporting Goods Company. Mr. Edmonds. May it please the Court. The first issues I'll address are the errors in claim construction. Then I'll address the errors in summary judgment that flowed from the errors in claim construction. The first term that the Court erred in construing was strap splitter. In particular, the error was that during the prosecution of the 160 patent, additional limitations were added into Claim 21, which would be Claim 1. Those are limitations in the claim. Those are not inherent limitations on every strap splitter. In fact, during prosecution, the examiner cited Pietschok strap splitter and the applicant acknowledged it was a strap splitter and added structural limitations onto the strap splitter of the 160 claims as part of that response. You argue that strap splitter should be defined as, quote, a part of a chin guard assembly separate from the chin cup through which two portions of a chin strap extending in line from the chin cup are separated in an angle. But the claim language claims something, quote, comprising a specific two-slot structure for allowing the straps to angularly adjust and diverge. Doesn't that language present at least a minimum of what strap splitter entails? Why aren't any of the claim limitations included in your proposed construction? Well, in the 671 patent, there is nothing about a first slot and a second slot. So it just says a first strap splitter extending over said first strap so as to cause portions of said first strap to diverge away from each other. So no, the first and second slot are not part of Claim 7, which we're looking at, of the 671 patent. In the terms of Claim 1 of the 160 patent, there is a requirement of a first slot and a second slot. Those don't need to be baked into the definition of a strap splitter. Those are structural limitations that are built into the claim. The problem with the district court's construction is it took all of these limitations that had been, structural limitations that had been added to the original strap splitter as claimed, and then decided those were part of the strap splitter because of what it referred to as lexicography. But that was simply just error. During prosecution, the patentee presented that strap splitter is defined, they used that word, defined as a unitary body in a first slot in space relationship to a second slot. A fixed bar is formed with the unitary body in position between the first and second slot, wherein the second slot has a length greater than the first slot. Isn't that lexicography? No, it's not, because the context of the comment was claims 21 and 32 have been amended, and in these claims, these claims, not other claims that didn't have those additional limitations built in, that a strap splitter is defined as, and he said, a unitary body with a first slot in space relation to the second slot. If there's any definition, it should stop there, but the word defined in that context just means delineated. If you look in the rest of the prosecution, and we cited to it, there's also a statement that an interior slot slash pocket defined by the shell. The helmet is defined by an exterior surface, including a crown area. The straps are defined as extending through these single slots. In that context, and in the words of patent prosecution and patents, defined is not saying this is a lexicographical definition, this is saying this is how this is delineated, this is how this is spelled out. If we find that the district court correctly construed strap splitter, are the other terms moot? If you find that the district court correctly construed it, no, they're not moot. In the first instance... Why is stop relevant to the case? Stop is a limitation only in the 671 claims, and she misconstrued that. If you affirm her claim construction of strap splitter, you can still reverse on doctrinal equivalence, and you can reverse on literal infringement and DOE on the 671. Does the accused device employ stops or rivets? It employs stops. It employs what... Rivets a stop, among other things, right? Rivet is a type of stop. Yes, the accused device has stops, and our expert report says that it is the type of stop it employs, one of ordinary skill not to understand it's a rivet, so yes, it's still relevant. Also, the inset continuous slot, or inset slot limitation, even if you affirm on the construction of strap splitter, then she added in second single continuous opening, and that caused her, in part, to apparently hold... The infringement issues, then. Let me just cover... So, inset second slot, the language she added in, single continuous opening, is not found in the specification. Those are just words that she added. Those are unnecessary words. They're improper words. The stop limitation, the specification says it refers to stops, and then it says rivets act as stops, and in the claims, when you look at claim nine, it just has stops, and in claim 18, it has the stop comprising rivets. Stops should not be limited to rivets. The word plugs, she just came up with out of thin air. That's not anywhere in the patent. As to the infringement issues, with respect to little infringement of the 160 patent, so on the construction of strap splitter... If we agree with the district court on strap splitter, how could there be literal infringement? Well, because all the limitations that she built in the strap splitter, the term strap splitter, are already in claim one of the 160 patent. So, what she found was that it didn't have a second slot having a length greater than the first slot. That was her literal infringement finding. The accused device has three slots all the same length. The accused device has, from our point of view, a second slot with a cosmetic non-functional divider. That's what it has, and that's really more for DOE, but it has... There's nothing in the claim that excludes being able to add a divider to the second slot, which is what Wilson did. Her single continuous slot is where she gets into, well, if you have this divider, then the slot's not single and continuous. So, if you reverse on her single and continuous language, which is improper, then summary judgment shouldn't stand on 160 literal infringement. With respect to 160 DOE, her opinion is just simply one error after another. First, she applies the wrong test. She says it has to be the same way. That's not the test. She acknowledges that it's the same function. She acknowledges that there's the same result. And she says it's not the same way, therefore, it vitiates the claim limitation. That's not the test. The test for vitiation would be you'd look at whether it's substantially the same way, which Sportstar's expert has shown it's substantially the same way, in that it allows a diverging exit and belt friction. The patents in suit present a strap splitter, two slots, second longer than the first, and the added length of the second stop allows for angular divergence via angular adjustability. The accused device accomplishes its function with three slots equal in size that don't allow for angular adjustability. How are the ways the structures accomplish their function substantially the same? So, I'll start with the 160 patent because it's a different answer with respect to the 671 patent. While you're talking about it, tell me this too. Wouldn't finding substantial similarity here vitiate the limitations in the patents in suit that the second slot be longer than the first and its way of functioning by allowing angular divergence via angular adjustability of the straps? Well, the district court's holding was that it was vitiated because there wasn't angular adjustability in a second continuous slot. She didn't hold, and I don't think it would be appropriate for this court to hold now, that there are other elements that would be vitiated. That should be something that, if anything, remain in the district court and she should address because there are expert opinions covering all of these in terms of why it's substantially the same way. In terms of the, her holding was, or her complaint was, it doesn't allow for angular adjustability via the second single slot. So, in other words, the district court is saying, referring to language in claim one, that they have to annually diverge from each other in the second slot. That's not present in the strap splitter of the 160 patent. It shouldn't be part of the construction of the strap splitter in the 160 patent. All that, excuse me, in the 671 patent, all that's required in the 671 patent is that portions of the strap diverge away from each other. That's the only requirement of the strap splitter. They diverge away from each other, which they simply do. There's little infringement there. The other part that she focused on was angrily, and I think you asked about, was being angrily adjustable with respect to each other. That's a limitation in 160 claim one. That's not part of the construction of strap splitter. It's not a limitation in 671 claim seven. It's just simply not, her analysis was so broad and generalized, she made a generalization about kind of the invention that doesn't align with the claim language in claim seven. Her complaint about the angular adjustability in the slot, the angular adjustability is not a requirement of 671 claim one. That's a claim seven, that's a requirement of 160 claim one. Claim one only says they have to diverge in the slot. It doesn't say they have to be angrily adjustable within the slot. They have to be angrily adjustable with respect to each other, but it doesn't say they have to do that within the slot. Again, she applied the wrong test. At a minimum, the district court, it should be remanded so she can apply the right test. The right test should be that, and really, vitiation just means that no reasonable jury could find that they were substantially the same way since she found the function and the result were the same. The way that was identified by Sportstar's expert, which at a minimum should create a fact issue, is it allows the exit passage of diverging straps and provides belt friction. What we have is a non-functional cosmetic divider, and the evidence was that should have been taken, and like most people at Sportstar was, the divider has no function. So it must be substantially the same way because it's non-functional. Again, the only basis for her little infringement ruling was a second slot with a length greater than the first slot. If you correctly find that the strap splitter term in the 671 patent does not have that requirement, which it simply doesn't, the strap splitter of Pietschok, which was acknowledged to be a strap splitter by the examiner and by the inventor, didn't have that. So if you don't improperly read that limitation into the term strap splitter, then a literal infringement of the 671 claims must fall. With respect to the 671, I'm going to go ahead and reserve the rest of my time. Thank you. Good morning, may it please the court. What Sportstar is trying to do is to broaden the scope of their claims and walk away from the arguments they made and the amendments they made to avoid further rejection. But isn't the problem that the patent office let them do that? So they had to put in additional structural limitations in the 160 to get the claims through. And those aren't a definition of strap splitter. They're additional elements of that claim. And the district court for the 671 has read those back into the definition. And that seemed to me just contrary to the way you do claim construction. If strap splitter inherently enclosed all those, had all those structural limitations, then they wouldn't have needed to put it in. I understand your point on terms of what happened here. It just seems like they were able to get a claim through the patent office that's probably going to be obvious when they go back, and it's a big waste of time. But you can't construe a claim term by referencing other claim limitations, can you? Otherwise, you render those other limitations superfluous because it would already be in that strap splitter term itself. The term strap splitter has been a part of this file history since the 774 application, which was rejected three times and abandoned. And then it came back in the 160. The 160 was a continuation in part, and they specifically said that in order to get around Pietrzak, we're going to tell you, one, the slots can't be symmetrical. That was a disclaimer for a strap splitter. And two, we have additional limitations that must be present. I get you for all of that. I'm with you on everything on the 160. They did all that. They put it all in. The problem is they got to go back to the patent office on the 671, and they left all that out. They just put in strap splitter and a couple of little less specific limitations, and the patent office inexplicably gave them a patent. So at least the way I look at it, strap splitter in the 671 has different claim elements. The strap splitter, if it is as broad as SportsStar is arguing right now, simply is invalid under the prior art. That's why it's a little frustrating. I assume you're going to have an obvious misdefense when it came back. The patent office never should have granted it after making them narrow it for the 160, but they did, and to try to get those narrowing limitations from the 160 patent into the 671 via an improper claim construction seems incorrect as a matter of law, even though it may be the right result. But when multiple patents, this court has said, when multiple patents come from the same application, the limitations and the prosecution history for that limitation, that strap splitter, carries forward to each of those instances of using strap splitter. That assumes, though, that strap splitter, they've given it lexicography rather than in the 160 said strap splitter plus these additional limitations that are in the claim, whereas in the 671 they've just said strap splitter. So it could be a different kind of strap splitter that doesn't have those limitations, an entirely obvious one, but still a different one. But in order to avoid rejection under Pietrzak, the inventor Scheibel specifically said a strap splitter is defined as A strap splitter is the same limitation. Those two words and these continuation patents are the same limitation. A strap splitter is defined as a unitary body with a first slot in space relation to a second slot. A fixed bar is found in the unitary body with the second slot having a length greater than the first slot. But all of that is from the 160 patent, isn't it? It is the definition of a strap splitter in these continuation patents. In the 160 patent? Correct. In the 160 prosecution history. Is there anything in the 671 patent or the prosecution of the 671 patent that suggests that they meant to adopt the precise same definition? Yes. The very same patent examiner armed with exactly the same claim element in this continuation patent had the very same strap splitter limitation in the 671 patent. To rule otherwise... But we can't know that he intended to use that definition because he let them use a broader term without those limitations. It seems like you're beefier with the patent office that they should never have accepted the 671 patent. And I think you're right that I don't know how we can import limitations into a claim term in a different patent that aren't there. It's not importing limitations that aren't there, Your Honor. It is simply... Then answer me this. On the 160 patent, if strap splitter already meant all of those things, why did it specifically call out those additional limitations in the claim language itself than just rely on lexicography in the specification? It can't be known why they claimed the way they drafted it, Your Honor. All that is clear is they specifically said that they were adding these limitations to move away from Pietrzak, and they needed to add these limitations to move away from Pietrzak. Was there a rejection in the 671 on Pietrzak? It was not. Because the same examiner was relying on the same prosecution history of the earlier granted patent that claims the same ancestry as the 160 patent. That's what this court has repeatedly said in terms of what they are bound by in terms of moving forward in their continuation patents with subsequent patents using the very same limitation. Even Sportstar argues that the very same definition of strap splitter should be used for the 160 patent and the 671 patent. The definition that the court adopted and that Wilson suggested is verbatim what the inventor said was the definition of a strap splitter. What about your friend's argument that that's not lexicography? I would say that he is simply incorrect, Your Honor. You can't get better lexicography than the inventor saying, I define strap splitter as that any competitor seeking to avoid the patent, any competitor who wants to understand fairly what is claimed and what is free, has to look at the patent and be able to understand, well, if the inventor is saying it's defined as this, then they have to be able to rely on, yes, it is defined as that. That's only fair and that's what the precedent holds. The second slot allows for angular adjustability. That is a clear function of the patent and that's what Sportstar has in that second slot. Wilson doesn't have that. What Sportstar argues is that the two straps go through the first slot and then have a cosmetic fill-in between the second and third slots. It's undisputed in the record that these are symmetrical in length. That structure can't be a cosmetic fill-in. It is a structure. Why does that make a cosmetic fill-in? Why isn't that the cosmetic fill-in? Why isn't that the cosmetic fill-in? It's clear that the court was correct. This is a very different structure. You know, if you take this court to the Supreme Court, you're going to have a hard time explaining that colloquy. You're saying this is the same examiner? There are a whole bunch of patents in this series. They're all focused on the same examiner? The same examiner reviewed the 160 application as the 671 application. He was armed with that prosecution history from the 160. Scheibel was bound by what he argued in connection with the 160 because the 671 is a subsequent patent in the same family. I'm still hung up and maybe I'm not going to get anywhere on this. But armed with the knowledge of that prosecution history, what they tried to do, the limitations he made them to put in, why wasn't his response and why shouldn't his response been, no, you can't go back to this original broad claim language. I made you limit it to get over whatever that reference is. You've got to limit it in this one too. That seems to me like what a reasonable and proper response from the examiner should have been. Your Honor, I believe this because the examiner saw that the inventor had already defined strap splitter as having two slots, one longer than the other. It was his express definition of the same limitation strap splitter. What authority says that the examiner has the right to rely on a prior definition? LK. LK is one of the decisions from this court which indicates that when multiple patents derive from the same initial application, the prosecution history regarding a claim limitation in any patent that is issued applies with equal force to subsequently issued patents that contain the same limitation. Here we're talking about strap splitter. It is the same throughout those. But that assumes it has the same limitations. I know this one should have the same limitations because it's the same thing, but what if they had come up with a different kind of strap splitter and they came back and said strap splitter and had completely different limitations on it and it was a different kind of structure? They wouldn't be bound by their definition in the prior one, would they? Because they've come up with a new one. But the inventor had already disclaimed symmetrical slots to get around Pieterse. Sure, but let's assume hypothetically that he came up with an entirely different structure that doesn't read on Pieterse or whatever and wants to patent a strap splitter and chin strap and all that kind of stuff that has a different structure. Just because in the 160 he defines strap splitter in a certain way doesn't prevent him from trying to patent a new type of strap splitter with a new structure. I get that's not what happened here. I'm with you on that. But isn't that the problem with reading a very narrow limitation into a subsequent different patent when it could have been claiming a different invention? Isn't that why it was incumbent upon the examiner to reject this because it had the same problems as the first one? How are we to know that this isn't different than the first one? Because it's a continuation patent. It relies on the prosecution history from the earlier patent. And he had already defined strap splitter in a very specific way in the earlier patent in this family. Is it correct that the portion of the specification in the 671 that refers to the strap splitter is the same as in the parent? This is a continuation in part. It's not identical, but it is similar. Does it enlarge or expand or say we're no longer limited by the length of the differential straps? It does not attempt at all to expand or create a different structure. It uses, in fact, the identical figures, figure 1 from the 160 patent and figure 7 from the 671 patent are identical. These figures are identical from patent to patent showing the strap splitter, showing this strap splitter, which happens to be incorporated into this device. And if you weren't listening to me the first time, you have to make a record. I'm sorry? You have to make a record. When you hold something up and show it to the court, you have to say, as I'm showing you in figure such and such from whatever, and if you hold up a piece of plastic and you talk about it and there's no record of it, it just is a magical nothing. Would you like a supplemental brief on this point? No. In our brief, do I need to cite the page of the brief? No. I mean, you can do whatever you want. You're the lawyer. In our brief, we argued that figure 1 of the 160 patent and figure 7 of the 671 patent are identical. You said that, but you were pointing to things. I'm sorry. As the court may notice when I point to figure 7, it is identical. Thank you, Your Honor. They are identical. In the second slot, in order to gain patentability, the inventor Scheibel added a limitation to indicate that the straps diverge from each other in a second slot. That is not present in the Wilson invention. In the Wilson strap divider, their cosmetic fill-in prevents the straps from being angularly adjustable or from being juxtaposed or being together at all. That's to stop. I've only got 30 seconds left. I'll do this quickly. No, you're over by 30 seconds. Am I over? You're over, but you have the last word.  You have a minute or so. Stop is only described in the 671 patent as a structure that protrudes from the strap. Plug didn't come out of thin air. Plug was a definition that Sportstar used in its previous litigation, and that's part of the record. Thank you. Thank you. Mr. Edmonds? Thank you, Ryan. So to begin with, if the court does issue an opinion and does remand it for the proceedings, I would just ask, there's no need, I understand, comments about maybe the patent office shouldn't have allowed it. There are other limitations in Claim 7 that distinguish. It's not just like they were treated back to a strap splitter. For example, the stops are a significant limitation. So if the case goes back, then we can take a look at their obviousness contentions. Do you agree that Figure 1 and Figure 7 are exactly the same? They are the same. It's a preferred embodiment. The claim term is not limited by a preferred embodiment. We should also address the district court's misunderstanding of prosecution history estoppel, which contributed greatly to the error in its opinion. It just misunderstood it. It misapplied it. It sent it the wrong way and caused it to believe there needed to be a narrower construction of strap splitter. That doctrine could become applicable when you get to DOE, but it's not applicable in claim construction. Essentially, she believed that if you do a claim-nearing amendment, then I have to construe this term narrowly, and that's incorrect. Back to defined. Just to be clear, the language that was used was, in these claims that have just been amended, to add these additional limitations, it said it's defined as this, and the context is delineated. When you look at the other references to defined, in each instance in the prosecution it's being used in that way. It's not being used in the sense of defined as a dictionary definition. Just to be clear, my friend has mixed up this idea of angrily diverging in the second slot. That is a requirement of the 160 Claim 1. That is not a requirement of 671 Claim 1. It is not a requirement of the court's construction of strap splitter, even if you affirm that. That's not a basis for summary judgment or for rejecting the 671 claims at a minimum. Also, angrily adjustable with respect to each other is a limitation in Claim 1 of the 160 patent. It is not a limitation in Claim 1 of the 671 patent. The court's analysis of DOE was just superficial, and it just muddled together these different elements without sorting out which ones were actually in each claim, and it didn't give any acknowledgment to the summary judgment evidence that even if the court's construction was taken as true, that there's still at least a fact issue as to whether these are substantially the same way. Again, this is a cosmetic fill-in. There is the summary judgment evidence that there is an insubstantially different function, that it is the same function and that the way is insubstantially different. The case should be remanded for the proceedings on claim construction and on infringement. Okay. Thank you. Thank you both. The case is taken under submission. That concludes our arguments for this morning. All rise. General Court is adjourned until tomorrow morning. It's at o'clock a.m.